UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| **JENNIFER JOHNSON**  )<br>  )<br>    Plaintiff,  )<br>  )<br>v.   )<br>  )<br>**RES-CARE, INC.**  )<br>  )<br>    Defendant.  ) | CAUSE NO: 3:20-cv-20 |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**I. NATURE OF THE CASE**

1. This is an action brought by Plaintiff, Jennifer Johnson ("Johnson"), by counsel, against Defendant, Res-Care, Inc., ("Defendant"), for violating the Americans with Disabilities Act ("ADA"), as amended, 42 U.S.C. § 12101 *et seq.*

**II. PARTIES**

2. Johnson is a citizen of the United States, the State of Indiana, and, at all times relevant to this litigation, resided within the geographical boundaries of the Southern District of Indiana.

3. Defendant is a corporation that maintains offices and conducts business in the Southern District of Indiana.

**III. JURISDICTION AND VENUE**

4. Jurisdiction is conferred on this Court over the subject matter of this litigation pursuant to 28 U.S.C. §1331 and 42 U.S.C. § 12117.

1

5. Defendant is an "employer" as that term is defined 42 U.S.C. § 12111(5)(A).

6. At all times relevant to this action, Johnson was an "employee" as that term is defined by 42 U.S.C. § 12111(4).

7. Johnson is a "qualified individual with a disability" as defined by the Americans with Disability Act, 42 U.S.C. §§ 12102(2) and 12111(8) and/or Defendant knew of Johnson's disability and/or Defendant regarded Johnson as being disabled.

8. Johnson exhausted his administrative remedies by timely filing a Charge of Discrimination against Defendant with the Equal Employment Opportunity Commission and files this complaint within ninety (90) days of receipt of her Notice of Right to Sue.

9. A substantial part of the events, transactions, and occurrences concerning this case arose in the geographical environs of the Southern District of Indiana; therefore, venue is proper in this Court.

### IV. FACTUAL ALLEGATIONS

10. Johnson was hired by the Defendant in or about 2008 and worked as a Direct Support Professional.

11. At all times relevant, Johnson met or exceeded Defendant's legitimate performance expectations.

12. Johnson is deaf/hearing impaired, which qualifies as a disability within the meaning of the Americans with Disabilities Act, as amended (ADAA) and/or

Johnson is regarded as disabled by the Defendant. Her disability affects her major life activity of hearing. Defendant was aware of Johnson's disability.

13. On or about July 13, 2020, Johnson was accused of sleeping during work hours while attending to a patient in their home. To the contrary, Johnson was not sleeping. She simply did not hear (because of her disability) the doorbell ring and/or the door knock at the client's home as she was in the laundry room.

14. Despite this, and despite Johnson providing this explanation to Defendant, a week later, Defendant placed her off work while it investigated the allegation. Johnson cooperated fully in the investigation.

15. On or about July 29, 2020, Defendant terminated Johnson's employment. The reason given is pretext for discrimination based on Johnson's disability. Upon information and belief, similarly-situated non-disabled employees have been treated more favorably.

## V. LEGAL ALLEGATIONS

### COUNT I – DISABILITY DISCRIMINATION

16. Paragraphs one (1) through fifteen (15) of Johnson's Complaint are hereby incorporated.

17. Defendant violated Johnson's rights as protected by the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* by terminating her because of her actual or perceived disability.

18. Defendant's actions were intentional, willful and in reckless disregard of Johnson's rights as protected by the ADA.

19. Johnson has suffered and continues to suffer harm as a result of Defendant's unlawful actions.

## VI. REQUESTED RELIEF

WHEREFORE, Plaintiff, Jennifer Johnson, by counsel, respectfully requests that this Court find for Plaintiff and:

1. Reinstate Plaintiff to the position, salary and seniority level she would have enjoyed but for Defendant's unlawful employment actions, or award her front pay in lieu thereof;

2. Pay Plaintiff's lost wages and benefits;

3. Pay to Plaintiff compensatory damages, damages for emotional distress and payment of uncovered medical bills and/or insurance premiums;

4. Pay to Plaintiff liquidated damages;

5. Pay to Plaintiff punitive damages;

6. Pay to Plaintiff pre- and post-judgment interest;

7. Pay Plaintiff's costs and attorney fees incurred in litigating this action; and,

8. Provide any further equitable relief this Court sees fit to grant.

Respectfully submitted

/s/ Lauren E. Berger
Lauren E. Berger, Atty. No. 29826-19
Kyle F. Biesecker, Atty. No. 24095-49
BIESECKER DUTKANYCH & MACER, LLC
411 Main Street
Evansville, IN 47708
Telephone:   (812) 424-1000
Facsimile:   (812) 424-1005
Email:       lberger@bdlegal.com
             kfb@bdlegal.com

*Attorneys for Plaintiff, Jennifer Johnson*

## DEMAND FOR JURY TRIAL

The Plaintiff, Jennifer Johnson, by counsel, respectfully requests a jury trial for all issues deemed triable by jury.

Respectfully submitted,

/s/ Lauren E. Berger
Lauren E. Berger, Atty. No. 29826-19
Kyle F. Biesecker, Atty. No. 24095-49
BIESECKER DUTKANYCH & MACER, LLC
411 Main Street
Evansville, IN 47708
Telephone:   (812) 424-1000
Facsimile:   (812) 424-1005
Email:       lberger@bdlegal.com
             kfb@bdlegal.com

*Attorneys for Plaintiff, Jennifer Johnson*